UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>        Defendants. | Case No.: 18-cv-2097-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 20]** |

  Plaintiff, proceeding *pro se* and *in forma pauperis* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, is currently incarcerated at Richard J. Donovan Correctional Facility (RJD). (ECF No. 1). On March 8, 2019, Plaintiff moved for appointment of counsel. (ECF No. 20).

  Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).

  District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1

legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff supports his Motion by stating that he is enrolled in an outpatient mental health program, is in Administrative Segregation, and requires the use of a wheel chair. (ECF No. 20 at 2). However, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims as demonstrated by Plaintiff's Complaint. (ECF No. 1). In fact, Plaintiff's *pro se* pleading survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Further, Plaintiffs claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits.

Thus, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED**

Dated: March 14, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge