UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>                       Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden; AGUIRRE, Correctional Lieutenant; A. GONZALEZ, Correctional Sergeant; N. UHDE, Correctional Officer; R. HERRERA, Correctional Officer; R. CERVANTES, Correctional Officer; R. JANSEN, Correctional Officer,<br><br>                       Defendant. | Case No.: 18cv2097-GPC(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>[Dkt. No. 16.] |

Before the Court is Defendants' motion for summary judgment for Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 16.) Plaintiff did not file an opposition. On April 15, 2019, the Court granted Plaintiff's request for extension of time to file an opposition no later than May 17, 2019. (Dkt. No. 24.) To date, Plaintiff has not filed an opposition. Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion for summary judgment.

/ / / /

/ / / /

1

18cv2097-GPC(MDD)

**Factual Background**

On September 8, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Daniel Paramo, Warden of Richard J. Donovan Correctional Facility ("RJD"); Correctional Lieutenant Aguirre; Correctional Sergeant A. Gonzalez; and Correctional Officers N. Uhde, R. Herrera, R. Cervantes, and R. Jansen (collectively "Defendants") for excessive force and failing to intervene when he was beaten on May 7, 2018 while housed at RJD. (Dkt. No. 1, Compl.)

Plaintiff claims to be permanently disabled, requires a wheelchair, and is a participant in the California Department of Corrections and Rehabilitation's ("CDCR") Mental Health Services Delivery System at the "enhanced outpatient (EOP) level of care." (Id. at 4.[1]) On May 7, 2018, Plaintiff claims Correctional Officer Uhde "became enraged" and confronted him during breakfast after discovering Plaintiff had two food trays. (Id. at 4-5.) Plaintiff claims Uhde threw both trays in the trash, and after Plaintiff threatened to "write [Uhde] up," he became "hostile," "grabbed Plaintiff by the arm," "forcefully pull[ed] [him] from [his] wheelchair," "slammed [him] on the floor," and "handcuffed [him] without provocation or resistance." (Id.) Plaintiff contends Correctional Officers Cervantes and Jansen "watched without any form of aid to Plaintiff or intervention." (Id.) Plaintiff then claims Officers Herrera and Cervantes returned him to his wheelchair, and Herrera pushed him to the gym where "in isolation" he "pulled the front of Plaintiff's shirt up and over [his] face and head and began punching [him] repeatedly in the face and head." (Id. at 5-6.) Plaintiff again fell from his wheelchair and Herrera continued to kick him in the stomach, side, and torso with his boots while yelling, "You p[i]ece of shit." (Id. at 6.) Plaintiff claims to have suffered pain, bruising, cuts, and swelling as a "direct result of the[se] malicious acts," but claims Correctional

---

[1] Page numbers are based on the CM/ECF pagination.

Lieutenant Aguirre, Sergeant Gonzalez and Officers Uhde, Herrera, Cervantes, and Jansen "each conspired to file false peace officer reports charging [him] with assault against … Uhde." (Id.) In fact, Plaintiff claims Aguire and Gonzalez "maintain[] an ongoing practice of allowing subordinates, including Herrera to use the facility gym as an arena to beat, torture, and abuse prisoners … in solitude," and then "manufacture false reports" in order to "conceal the[ir] wanton act[s]." (Id. at 6-7.) Finally, Plaintiff claims Warden Paramo personally interviewed him during an Institutional Classification Committee hearing held on May 19, 2018, "as a result of [his] … place[ment] in Administrative Segregation (Ad-Seg) on [the] false assault charges." (Id. at 7.) Plaintiff contends Paramo "saw [his] bruised face" and torso, and asked him what happened. (Id.) Plaintiff claims he told Paramo that Uhde "slammed [him] to the floor for informing of [his] intent to file a 602 appeal." (Id.) Plaintiff claims Paramo said he would "take care of the 602," and ordered a video recording of Plaintiff's injuries, but otherwise "turned a blind eye to a prison guard gang of subordinate defendants['] ongoing pattern[s] [and] practice." (Id. at 8.)

Plaintiff claims Defendants violated his First and Eighth Amendment rights either by using excessive force against him, or failing to intervene while he was beaten on May 7, 2018 after he threatened to file an inmate appeal. He seeks injunctive relief as well as $250,000 in damages.

**Discussion**

**A. Legal Standard on Summary Judgment for Failure to Exhaust Administrative Remedies**

Pursuant to Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), Defendants move for summary judgment arguing that Plaintiff failed to exhaust administrative remedies. Summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment on the issue of exhaustion, the moving party bears the initial burden to prove "that there was an available administrative remedy, and that the

prisoner did not exhaust that available remedy." <u>Albino</u>, 747 F.3d at 1172. Once the defendant has met its burden, the prisoner has the burden of production and "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." <u>Id.</u> (citing <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 n. 5 (9th Cir. 1996) (the "burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")). Ultimately, the defendant bears the burden of proof. <u>Id.</u>

For purposes of summary judgment, a court must "view all of the facts in the record in the light most favorable to the non-moving party and rule, as a matter of law, based on those facts." <u>Id.</u> at 1173 (citing <u>San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.</u>, 568 F.3d 725, 733 (9th Cir. 2009)). A court will grant summary judgment under Rule 56 "if undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." <u>Id.</u> at 1166. The court must deny summary judgment "if material facts are disputed," but the district judge, rather than a jury, will determine the facts pertaining to exhaustion. <u>Id.</u>

**B.   Administrative Exhaustion**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>see also</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Prisoners must exhaust their administrative remedies prior to filing suit, not during the pendency of the suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed").

An inmate is required to exhaust only available remedies. Booth v. Churner, 532 U.S. 731, 736 (2001); Brown v. Valoff, 422 F.3d 926, 936–37 (9th Cir. 2005). To be available, a remedy must be available "as a practical matter"; it must be "capable of use; at hand." Brown, 422 F.3d at 937 (quoting Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002)). "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Id. at 935.

According to Supreme Court authority, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (recognizing that the grievance procedures will differ from system to system and claim to claim but ultimately compliance with the prison's grievance procedures satisfies exhaustion). Exhaustion is an affirmative defense and "defendants have the burden of raising and proving the absence of exhaustion." Brown, 422 F.3d at 936.

In this case, the CDCR's grievance system provides that an inmate may administratively appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To administratively exhaust available remedies, "a prisoner must submit his complaint on CDCR Form 602 and proceed through several levels of appeal: (1) first formal-level appeal filed with one of the institution's appeal coordinators, (2) second formal-level appeal filed with the institution head or designee, and (3) third formal-level appeal filed with the CDCR director or designee." Henderson v. Muniz, 196 F. Supp. 3d 1092, 1101 (N.D. Cal. 2016) (citing Cal. Code Regs. tit. 15, § 3084.7). "When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served." Reyes v. Smith, 810 F.3d 654, 656 (9th Cir. 2016).

If an inmate is disabled and seeks accommodations under the ADA, he may submit a Reasonable Accommodation Request Form 1824 which is an informal request prior to

| | |
|---|---|
| 1 | pursuing formal grievance proceedings using Form 602. <u>Warzek v. Onyeje</u>, Case No. |
| 2 | 17cv1452-AWI-SAB(PC), 2019 WL 1130471, at *7 (E.D. Cal. Mar. 12, 2019) (citing |
| 3 | <u>Gatlin v. Nichols</u>, No. CIV S-06-2465 WBS GGH P, 2007 WL 4219170, at *1 (E.D. Cal. |
| 4 | Nov. 29, 2007)); <u>Applegate v. Kokor</u>, Case No. 15cv1054-AWI-MJS(PC), 2016 WL |
| 5 | 6494711, at *4 (E.D. Cal. Nov. 2, 2016). "If the [1824] form meets the screening criteria, |
| 6 | the form is logged in the appeals log with the status of first level review. If the inmate is |
| 7 | dissatisfied with the decision, he may appeal to the second level of review by attaching |
| 8 | the original 1824 form. If the inmate is dissatisfied with the second level of review, he |
| 9 | may appeal to the third level of review." <u>Gatlin</u>, 2007 WL 4219170, at *1. |
| 10 | On May 23, 2018, Plaintiff submitted a CDCR Form 1824 Reasonable |
| 11 | Accommodation Request. (Dkt. No. 16-3. Frijas Decl. ¶ 6, Ex. A at 14.) In the Request, |
| 12 | Plaintiff claimed that his wheelchair was damaged and he was unable to comfortably use |
| 13 | his wheelchair because on May 7, 2018 Correctional Officer N. Uhde flipped Plaintiff |
| 14 | "over from the left arm side of [his] wheelchair causing the left leg metal support to snap |
| 15 | and bend, the left wheel is also bent out of alignment and it is hard to get anywhere." |
| 16 | (<u>Id</u>.) He also claims his gloves were taken. (<u>Id</u>.) He requested a repair or replacement |
| 17 | of his wheelchair and asked that N. Uhde be charged for the damage done to his |
| 18 | wheelchair. (<u>Id</u>.) He also sought return of his wheelchair gloves and seat cushion or that |
| 19 | he be issued new ones. (<u>Id</u>.) |
| 20 | On June 21, 2018, the Reasonable Accommodation Panel ("RAP") responded that |
| 21 | it was unable to process Plaintiff's request because he was transferred to CHCF |
| 22 | ("California Health Care Facility") on May 24, 2018 but noted that durable medical |
| 23 | equipment that has been verified lost/missing/damaged will be reissued. (<u>Id.</u> at 16.) The |
| 24 | response also addressed the alleged excessive force issue stating "[y]our allegation that |
| 25 | staff damaged your wheelchair has been elevated for further inquiry pursuant to |
| 26 | Armstrong accountability protocols. Be advised, all staff personnel matters are |
| 27 | confidential in nature. Details of any inquiry will not be shared with staff, members of |
| 28 | |

the public, or offender appellants."[2] (Dkt. No. 16-3, Frijas Decl., Ex. A at 16.) The response further informed that if Plaintiff was dissatisfied with the decision, he was directed to submit a CDCR Form 602, Inmate/Parolee Appeal form, and attach his CDCR 1824 and the RAP's response. (Id.)

On August 8, 2018, in compliance with the RAP response, Plaintiff submitted an appeal on Form 602 and Form 602-A complaining of the wheelchair that was given to him when he was discharged from CHCF on June 9, 2018 explaining it was worse than the one that was damaged on May 7, 2018. He claimed his wheelchair had sharp edges and exposed screws and there was no support for sitting in the wheelchair. (Id. at 10, 12.) He further stated he had not yet received his wheelchair cushion or wheelchair gloves. (Id.) Plaintiff did not raise the alleged excessive force by N. Uhde but instead wrote "Armstrong Accountability Protocols exhausted." (Id. at 10.)

Plaintiff's Form 602 was accepted at the Second Level of Review. (Id. at 11.) While his Form 602 was on review, Plaintiff filed the instant § 1983 complaint in this Court on September 8, 2018. On September 20, 2018, his 602 appeal was partially granted. (Id.) The detailed response noted that Plaintiff received a new wheelchair on August 27, 2018 and he was comfortable with it, he received new wheelchair gloves on July 17, 2018, and the request for wheelchair seat cushion was forwarded to the appropriate Health Care staff for remedy. (Id. at 9.) Plaintiff's appeal that "staff flipped [him] over causing damage to [his] wheelchair" was "elevated for further inquiry pursuant to Armstrong Accountability and Use of Force (UOF) review protocols." (Id. at

---

[2] Defendants do not explain the Armstrong accountability protocols. "The Armstrong Remedial Plan is a remedial order issued in Armstrong v. Davis, C No. 94–cv-2307–CW, by the District Court for the Northern District of California to enjoin practices that discriminate against disabled inmates in California prisons." Polley v. Davis, Case No. 17cv3793-JST, 2018 WL 4352958, at *5 (N.D. Cal. Sept. 11, 2018). It "governs application of Title II of the ADA to inmates in the custody of the CDCR." Barker v. Yassine, No. 11cv246-AC, 2016 WL 4264149, *4 n. 1 (E.D. Cal. Aug. 15, 2016). CDCR's "UOF policy is found in Title 15 of the California Code of Regulations at §§ 3268–3268.3 and CDCR's Department Operations Manual Chapter 5, Article 2–Use of Force (DOM)." Coleman v. Brown, 28 F. Supp. 3d 1068, 1079 (E.D. Cal. 2014).

8.) However, his request that the wheelchair officer be educated as to his duties and responsibilities was denied as it was outside the scope of the appeal process. (Id.) The decision advised that "this issue may be submitted for a Third Level review, if desired, by completing section "F" of the CDCR form 602 and mailing the appeal to the Chief of the Office of Appeals . . . ." (Id. at 9.) Plaintiff did not file third level appeal with the Office of Appeals. (Dkt. No. 16-4, Voong Decl. ¶ 8.)

In their motion, Defendants argue that because Plaintiff did not fully exhaust administrative remedies prior to filing his complaint, summary judgment should be granted. They also assert that the May 23, 2018 submission of the Reasonable Accommodation Request Form was not part of the CDCR's appeal procedures and does not comply with the exhaustion process. (Dkt. No. 16-3, Frijas Decl. ¶ 6.) In sum, Defendants argue that Plaintiff was not excused from filing an appeal because the CDCR has an administrative grievance procedure, the procedure was made available to Plaintiff, he was aware of it but he failed to exhaust his claims through all three levels of the CDCDR administrative process before filing this complaint. The Court disagrees.

In Brown, the Ninth Circuit held that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." 422 F.3d at 935. In Brown, at the second level response, the inmate's appeal was partially granted because his allegation of "Staff Complaint" was to be investigated by the Office of Internal Affairs. Id. at 937. The court explained that the inmate could reasonably have understood that no further relief was "available" other than an investigation by the Office of Internal Affairs and concluded that the defendant had not demonstrated that once it ordered an investigation into the alleged misconduct through a separate "staff complaint" process, it had any remaining "authority to act on the subject of the complaint" through the appeals process. Id. at 938.

Similarly, in Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), the Ninth Circuit held that an "inmate has no obligation to appeal from a grant of relief, or a partial grant that

8

18cv2097-GPC(MDD)

satisfies him, in order to exhaust his administrative remedies" even though subsequently the prison officials did not provide the relief that was promised. Id. at 685 ("His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision.").

Here, Plaintiff submitted a Form 1824 Reasonable Accommodation Request on May 23, 2018 where he raised the allegation that Officer Uhde flipped him over in his wheelchair. While Form 1824 is used to seek accommodations under the ADA and not excessive force claims, on June 21, 2018, the RAP addressed the merits of the alleged excessive force stating "[y]our allegation that staff damaged your wheelchair has been elevated for further inquiry pursuant to Armstrong accountability protocols. Be advised, all staff personnel matters are confidential in nature. Details of any inquiry will not be shared with staff, members of the public, or offender appellants." (Dkt. No. 16-3, Frijas Decl., Ex. A at 16.) Despite Plaintiff's procedural error, the prison officials granted him relief on his alleged excessive force claim on Form 1824 which put the prison on notice of his claims and satisfies the statutory purpose of the exhaustion requirement. See Reyes, 810 F.3d at 656; Henderson, 196 F. Supp. 3d at 1101 (citing Reyes, 810 F.3d at 658) ("If an inmate's grievance does not comply with a procedural rule but prison officials decide it on the merits anyway at all available levels of administrative review, it is exhausted.").

Because Plaintiff's claim was partially granted by the RAP concerning Uhde's conduct, he was not required to appeal that grant of relief and Defendants have not demonstrated that Plaintiff had any "available" remedies remaining. See Brown, 422 F.3d at 936-37 ("a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process."). It appears that Plaintiff reasonably believed that because his allegation of excessive force by Uhde was elevated for further inquiry, he had exhausted his remedies and wrote "Armstrong Accountability Protocols exhausted" on his Form 602. Because Defendants do not demonstrate that any relief

remained available to Plaintiff after the RAP partially granted his request, see Albino, 747 F.3d at 1172 (a defendant has to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy"), the Court DENIES Defendant's motion for summary judgment as to Defendant N. Uhde.

Next, Defendants additionally argue that Plaintiff failed to exhaust as to Defendants Aguirre, Cervantes, Gonzalez, Herrera, Jansen and Paramo as Plaintiff failed to name them in his administrative appeal.

The regulations require that the "inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." 15 Cal. Code Regs. 3084.2(a)(3)[3]; Carter v. Paramo, 17cv1833-JAH-AGS, 2018 WL 4579854, at *7 (S.D. Cal. Sept. 25, 2018) (granting summary judgment as to those defendants not named in the grievances); Martinez v. Swift, No. C 13-3973 RS (PR), 2015 WL 1349525, at *2 (N.D. Cal. 2015) (granting summary judgment for non-exhaustion because the grievance "does not mention [defendant], or describe with any specificity his actions or words" and therefore did not comply with § 3084.2(a)(3) ); Smith v. Roberts, Case No. 16cv4764-WHO(PR), 2017 WL 4236922, at *4 (N.D. Cal. Sept. 25, 2017) (granting summary judgment as "there is a regulatory requirement (15 CCR § 3084.2(a)(3)) that [the plaintiff] name the defendants and describe their actions.").

---

[3] The specificity required by this provision to name all staff members went into effect in January 2011. See Rust v. Chino Prison Healthcare Providers, Case No. EDCV-17-556-JAK(KES), 2018 WL 3325725, at *6-7 (C.D. Cal. Apr. 9, 2018).

10

The regulation clearly requires that the inmate name all staff members involved and describe their actions in order to exhaust administrative remedies. Plaintiff did not name Defendants Aguirre, Cervantes, Gonzalez, Herrera, Jansen and Paramo or describe their actions either in the May 23, 2018 CDCR 1824 Reasonable Accommodation Request or the August 8, 2018 Form 602. Accordingly, the Court GRANTS Defendants' motion to dismiss Defendants Aguirre, Cervantes, Gonzalez, Herrera, Jansen and Paramo for failure to exhaust administrative remedies.

**Conclusion**

Based on the reasoning above, the Court GRANTS in part and DENIES in part Defendants' motion for summary judgment. The Court DENIES summary judgment as to Defendant Correctional Officer N. Uhde and GRANTS summary judgment as to the Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen.

IT IS SO ORDERED.

Dated: June 11, 2019

Hon. Gonzalo P. Curiel
United States District Judge