UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden; AGUIRRE, Correctional Lieutenant; A. GONZALEZ, Correctional Sergeant; N. UHDE, Correctional Officer; R. HERRERA, Correctional Officer; R. CERVANTES, Correctional Officer; R. JANSEN, Correctional Officer,<br><br>         Defendant. | Case No.: 18cv2097-GPC(MDD)<br><br>**ORDER CONFIRMING ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

  On June 11, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 25.) At the time of the filing of the Court's order, Plaintiff had not yet filed an opposition which was due on or before May 17, 2019. (Dkt. No. 24.) On June 17, 2019, Plaintiff filed a late opposition to Defendants' summary judgment motion. (Dkt. No. 27.) The Court has reviewed the opposition and confirms its order on summary judgment.

/ / / /

/ / / /

1

**Factual Background**

On September 8, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Daniel Paramo, Warden of Richard J. Donovan Correctional Facility ("RJD"); Correctional Lieutenant Aguirre; Correctional Sergeant A. Gonzalez; and Correctional Officers N. Uhde, R. Herrera, R. Cervantes, and R. Jansen (collectively "Defendants") for excessive force and failing to intervene when he was beaten on May 7, 2018 while housed at RJD. (Dkt. No. 1, Compl.)

Plaintiff claims to be permanently disabled, requires a wheelchair, and is a participant in the California Department of Corrections and Rehabilitation's ("CDCR") Mental Health Services Delivery System at the "enhanced outpatient (EOP) level of care." (Id. at 4.[1]) On May 7, 2018, Plaintiff claims Correctional Officer ("C/O") Uhde "became enraged" and confronted him during breakfast after discovering Plaintiff had two food trays. (Id. at 4-5.) Plaintiff claims Uhde threw both trays in the trash, and after Plaintiff threatened to "write [Uhde] up," he became "hostile," "grabbed Plaintiff by the arm," "forcefully pull[ed] [him] from [his] wheelchair," "slammed [him] on the floor," and "handcuffed [him] without provocation or resistance." (Id.) Plaintiff contends Correctional Officers Cervantes and Jansen "watched without any form of aid to Plaintiff or intervention." (Id.) Plaintiff then claims Officers Herrera and Cervantes returned him to his wheelchair, and Herrera pushed him to the gym where "in isolation" he "pulled the front of Plaintiff's shirt up and over [his] face and head and began punching [him] repeatedly in the face and head." (Id. at 5-6.) Plaintiff again fell from his wheelchair and Herrera continued to kick him in the stomach, side, and torso with his boots while yelling, "You p[i]ece of shit." (Id. at 6.) Plaintiff claims to have suffered pain, bruising, cuts, and swelling as a "direct result of the[se] malicious acts," but claims Correctional

---

[1] Page numbers are based on the CM/ECF pagination.

Lieutenant Aguirre, Sergeant Gonzalez and Officers Uhde, Herrera, Cervantes, and Jansen "each conspired to file false peace officer reports charging [him] with assault against … Uhde." (Id.) In fact, Plaintiff claims Aguire and Gonzalez "maintain[] an ongoing practice of allowing subordinates, including Herrera to use the facility gym as an arena to beat, torture, and abuse prisoners … in solitude," and then "manufacture false reports" in order to "conceal the[ir] wanton act[s]." (Id. at 6-7.) Finally, Plaintiff claims Warden Paramo personally interviewed him during an Institutional Classification Committee hearing held on May 19, 2018, "as a result of [his] … place[ment] in Administrative Segregation (Ad-Seg) on [the] false assault charges." (Id. at 7.) Plaintiff contends Paramo "saw [his] bruised face" and torso, and asked him what happened. (Id.) Plaintiff claims he told Paramo that Uhde "slammed [him] to the floor for informing of [his] intent to file a 602 appeal." (Id.) Plaintiff claims Paramo said he would "take care of the 602," and ordered a video recording of Plaintiff's injuries, but otherwise "turned a blind eye to a prison guard gang of subordinate defendants['] ongoing pattern[s] [and] practice." (Id. at 8.)

Plaintiff claims Defendants violated his First and Eighth Amendment rights either by using excessive force against him, or failing to intervene while he was beaten on May 7, 2018 after he threatened to file an inmate appeal. He seeks injunctive relief as well as $250,000 in damages.

## Discussion

In their motion, Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. In his opposition, Plaintiff argues that he had a mental breakdown on May 15, 2018 which is documented in a Memorandum dated May 17, 2018; therefore, he was unable to exhaust his administrative remedies. He also claims he satisfied the pre-answer screening when the Court concluded that Plaintiff had sufficiently alleged constitutional claims against Defendants. Finally, Plaintiff argues that he submitted two Form 22s, dated August 16, 2018 and October 2, 2108, he wrote that when Warden Paramo saw him at the Institutional Classification Committee hearing

3

on May 17, 2018, he inquired about Plaintiff's injuries and Paramo indicated he would submit a 602 on his behalf and sent "staff to videotap[] [the] incident." (Dkt. No. 27 at 18-19.) The Form 22 requested the videotape. (Id.)

Prior to filing a complaint pursuant to 42 U.S.C. § 1983 challenging prison conditions, a prisoner must exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006). An inmate is required to exhaust only available remedies. Booth v. Churner, 532 U.S. 731, 736 (2001); Brown v. Valoff, 422 F.3d 926, 936–37 (9th Cir. 2005). To be available, a remedy must be available "as a practical matter"; it must be "capable of use; at hand." Brown, 422 F.3d at 937 (quoting Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002)). "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Id. at 935.

According to Supreme Court authority, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (recognizing that the grievance procedures will differ from system to system and claim to claim but ultimately compliance with the prison's grievance procedures satisfies exhaustion). Exhaustion is an affirmative defense and "defendants have the burden of raising and proving the absence of exhaustion." Brown, 422 F.3d at 936.

In its prior order, the Court denied summary judgment as to Defendant Correctional Officer N. Uhde and granted summary judgment as to the Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen.

As to Uhde, the Court concluded that Plaintiff exhausted all available remedies because he reasonably believed his allegation of excessive force by Uhde was elevated for further inquiry; therefore Plaintiff did not have seek further relief and Defendants failed to demonstrate that any relief remained available to Plaintiff. (Dkt. No. 25 at 9-10.)

As to Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen, the Court granted summary judgment because Plaintiff failed to specifically name these Defendants in his administrative appeal and did not describe their actions either in the May 23, 2018 CDCR 1824 Reasonable Accommodation Request or the August 8, 2018 Form 602, (Dkt. No. 25 at 10-11). See 15 Cal. Code Regs. § 3084.2(a)(3)[2]; Carter v. Paramo, 17cv1833-JAH-AGS, 2018 WL 4579854, at *7 (S.D. Cal. Sept. 25, 2018) (granting summary judgment as to those defendants not named in the grievances); Martinez v. Swift, No. C 13-3973 RS (PR), 2015 WL 1349525, at *2 (N.D. Cal. 2015) (granting summary judgment for non-exhaustion because the grievance "does not mention [defendant], or describe with any specificity his actions or words" and therefore did not comply with § 3084.2(a)(3)); Smith v. Roberts, Case No. 16cv4764-WHO(PR), 2017 WL 4236922, at *4 (N.D. Cal. Sept. 25, 2017) (granting summary judgment as "there is a regulatory requirement (15 CCR § 3084.2(a)(3)) that [the plaintiff] name the defendants and describe their actions.").

In his opposition, Plaintiff does not address why he did not specifically name Defendants Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen in the grievance or why he did not comply with § 3084.2(a)(3). Plaintiff argues that when Paramo saw his injuries at the ICC hearing on May 17, 2017, he indicated he would submit a 602 for Plaintiff. Yet, there is no support that a warden may submit a Form 602 on behalf of an inmate. Even so, there is no indication that Plaintiff informed Paramo as

---

[2] The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

15 Cal. Code Regs. § 3084.2(a)(3). The specificity required by this provision to name all staff members went into effect in January 2011. See Rust v. Chino Prison Healthcare Providers, Case No. EDCV-17-556-JAK(KES), 2018 WL 3325725, at *6-7 (C.D. Cal. Apr. 9, 2018).

5

to the conduct of each of these Defendants. Moreover, Plaintiff appears to argue that the May 17, 2018 Memorandum indicating that he was unable to participate in any disciplinary hearing due to mental health factors renders his exhaustion of administrative remedies effectively unavailable. According to the Memorandum, effective May 15, 2018, Plaintiff was unable to attend a disciplinary hearing due to mental health factors. (Dkt. No. 27 at 4.) However, it merely suspended the time limitations for proceeding with disciplinary proceedings. (Id.) It did not address Plaintiff's exhaustion of administrative remedies. While it could be logically argued that the time limitation for submitting a Form 602 grievance may also be suspended based on the Memorandum, Plaintiff does not make the argument. Moreover, during this time period, on May 23, 2018, Plaintiff was pursuing his grievance when he submitted a CDCR Form 1824 Reasonable Accommodation Request where he claimed that C/O Uhde flipped him "over from the left arm side of [his] wheelchair causing the left leg metal support to snap and bend, the left wheel is also bent out of alignment and it is hard to get anywhere." (Dkt. No. 16-3, Frijas Decl. ¶ 6, Ex. A at 14.) He then pursued the grievance process. (Id. at 10, 12.) During this grievance process, there is no indication of any allegations of Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen in Plaintiff's grievances; therefore, Plaintiff did not exhaust administrative remedies as to these Defendants. See Martinez v. Swift, 2015 WL 1349525, at *2 (granting summary judgment because the grievance "does not mention [defendant], or describe with any specificity his actions or words"). Accordingly, the Court confirms its order granting summary judgment as to D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen.

////
////
////
////
////

**Conclusion**

The Court CONFIRMS its order denying summary judgment as to Defendant Correctional Officer N. Uhde and granting summary judgment as to the Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen. Defendant Uhde shall file his answer on or before **July 26, 2019.**

Because the Court's order on summary judgment was returned as undeliverable, (Dkt. No. 31), and it does not appear that Plaintiff's address has changed, the Clerk of Court shall mail Plaintiff a copy of the Court's order granting in part and denying in part Defendants' motion for summary judgment, (Dkt. No. 25).

IT IS SO ORDERED.

Dated: July 10, 2019

Hon. Gonzalo P. Curiel
United States District Judge