1
2
3
4
5      UNITED STATES DISTRICT COURT
6     SOUTHERN DISTRICT OF CALIFORNIA
7
8 HENRY VASQUEZ,             Case No.: 18-cv-2097-GPC-MDD

9             Plaintiff,    **ORDER DENYING PLAINTIFF'S**

10 v.                  **MOTION FOR APPOINTMENT OF**
                 **COUNSEL**

11 DANIEL PARAMO, et al.,

12            Defendants.   **[ECF No. 42]**

13

14      Plaintiff, proceeding *pro se* and *in forma pauperis* with a civil rights

15 Complaint filed pursuant to 42 U.S.C. § 1983, is currently incarcerated at in

16 Salinas Valley State Prison. (ECF No. 1). Plaintiff's first request for

17 appointed counsel was denied without prejudice on March 14, 2019. (ECF

18 No. 21). On August 13, 2019, Plaintiff filed his second request for

19 appointment of counsel. (ECF No. 42).

20      Generally, a person has no right to counsel in civil actions. *Palmer v.*

21 *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Thus, federal courts do not have

22 the authority "to make coercive appointments of counsel." *Mallard v. United*

23 *States District Court*, 490 U.S. 296, 310 (1989).

24      District courts have discretion, however, pursuant to 28 U.S.C. §

25 1915(e)(1), to "request" that an attorney represent indigent civil litigants

26 upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d

27 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires

an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff supports his Motion by stating that he has been transferred to different cells multiple times which causes delay or difficulty receiving mail, his claims against one named defendant survived summary judgment, and it is difficult to conduct discovery while incarcerated without the assistance of counsel. (ECF No. 42 at 2-3). However, as this Court noted in denying Plaintiff's first request for counsel, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims as demonstrated by Plaintiff's Complaint. (*See* ECF No. 21). Plaintiff's *pro se* pleading survived initial screening and his claims against one Defendant survived an early summary judgment motion. However, the Court notes again that Plaintiff's claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits.

Thus, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED**

Dated: August 16, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge

18cv2097-GPC-MDD