UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-2097-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 47]** |

　　　Plaintiff, proceeding *pro se* and *in forma pauperis* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, is currently incarcerated at in Salinas Valley State Prison. (ECF No. 1). Plaintiff's first request for appointed counsel was denied without prejudice on March 14, 2019. (ECF No. 21). On August 13, 2019, Plaintiff filed his second request for appointed counsel which the Court denied on August 16, 2019. (ECF Nos. 42, 45). On August 15, 2019, Plaintiff filed a document providing additional arguments to support his request for appointed counsel. (ECF No. 47). The Court

1

construes this document as a third request for appointed counsel.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As with Plaintiff's previous motion, Plaintiff supports this request by arguing that his claims against one named defendant survived summary judgment, there is video evidence to support his claims, and he does not possess the required legal skills to properly examine witnesses or seek expert witnesses. (ECF No. 47). However, as this Court noted in denying Plaintiff's previous requests for counsel, it appears that Plaintiff has a sufficient grasp of his case, the relevant evidence, the legal issues involved, and is able to adequately articulate the basis of his claims as demonstrated by Plaintiff's Complaint. (*See* ECF Nos. 21, 45). Plaintiff's *pro se* pleading survived initial screening and his claims against one Defendant survived an early summary judgment motion. However, the Court notes again that Plaintiff's claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits.

Thus, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED**

Dated: August 22, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge