UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden; AGUIRRE, Correctional Lieutenant; A. GONZALEZ, Correctional Sergeant; N. UHDE, Correctional Officer; R. HERRERA, Correctional Officer; R. CERVANTES, Correctional Officer; R. JANSEN, Correctional Officer,<br><br>         Defendant. | Case No.: 18cv2097-GPC(MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[Dkt. No. 37.]** |

  Before the Court is Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). (Dkt. No. 37.) Defendant N. Uhde filed an opposition on August 5, 2019. (Dkt. No. 39.) Plaintiff filed a reply on September 13, 2019. (Dkt. No. 49.) Based on the reasoning below, the Court DENIES Plaintiff's motion for leave to file an amended complaint.

## Background

  On September 8, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Daniel

1

Paramo, Warden of Richard J. Donovan Correctional Facility ("RJD"); Correctional Lieutenant Aguirre; Correctional Sergeant A. Gonzalez; and Correctional Officers N. Uhde, R. Herrera, R. Cervantes, and R. Jansen (collectively "Defendants") for excessive force and failing to intervene when he was beaten on May 7, 2018 while housed at RJD. (Dkt. No. 1, Compl.)

Plaintiff claims to be permanently disabled, requires a wheelchair, and is a participant in the California Department of Corrections and Rehabilitation's ("CDCR") Mental Health Services Delivery System at the "enhanced outpatient (EOP) level of care." (Id. at 4.[1]) On May 7, 2018, Plaintiff claims Correctional Officer ("C/O") Uhde "became enraged" and confronted him during breakfast after discovering Plaintiff had two food trays. (Id. at 4-5.) Plaintiff claims Uhde threw both trays in the trash, and after Plaintiff threatened to "write [Uhde] up," he became "hostile," "grabbed Plaintiff by the arm," "forcefully pull[ed] [him] from [his] wheelchair," "slammed [him] on the floor," and "handcuffed [him] without provocation or resistance." (Id.) Plaintiff contends Correctional Officers Cervantes and Jansen "watched without any form of aid to Plaintiff or intervention." (Id.) Plaintiff then claims Officers Herrera and Cervantes returned him to his wheelchair, and Herrera pushed him to the gym where "in isolation" he "pulled the front of Plaintiff's shirt up and over [his] face and head and began punching [him] repeatedly in the face and head." (Id. at 5-6.) Plaintiff again fell from his wheelchair and Herrera continued to kick him in the stomach, side, and torso with his boots while yelling, "You p[i]ece of shit." (Id. at 6.) Plaintiff claims to have suffered pain, bruising, cuts, and swelling as a "direct result of the[se] malicious acts," but claims Correctional Lieutenant Aguirre, Sergeant Gonzalez and Officers Uhde, Herrera, Cervantes, and Jansen "each conspired to file false peace officer reports charging [him] with assault against … Uhde." (Id.) In fact, Plaintiff claims Aguirre and Gonzalez "maintain[] an

---

[1] Page numbers are based on the CM/ECF pagination.

ongoing practice of allowing subordinates, including Herrera to use the facility gym as an arena to beat, torture, and abuse prisoners … in solitude," and then "manufacture false reports" in order to "conceal the[ir] wanton act[s]." (Id. at 6-7.) Finally, Plaintiff claims Warden Paramo personally interviewed him during an Institutional Classification Committee hearing held on May 19, 2018, "as a result of [his] … place[ment] in Administrative Segregation (Ad-Seg) on [the] false assault charges." (Id. at 7.) Plaintiff contends Paramo "saw [his] bruised face" and torso, and asked him what happened. (Id.) Plaintiff claims he told Paramo that Uhde "slammed [him] to the floor for informing of [his] intent to file a 602 appeal." (Id.) Plaintiff claims Paramo said he would "take care of the 602," and ordered a video recording of Plaintiff's injuries, but otherwise "turned a blind eye to a prison guard gang of subordinate defendants['] ongoing pattern[s] [and] practice." (Id. at 8.)

Plaintiff claims Defendants violated his First and Eighth Amendment rights either by using excessive force against him, or failing to intervene while he was beaten on May 7, 2018 after he threatened to file an inmate appeal. On June 11, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment based on exhaustion. Specifically, the Court denied summary judgment as to Uhde concluding that Plaintiff exhausted all available remedies as to him. (Dkt. No. 25 at 9-10.) The Court also granted summary judgment as to Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen because Plaintiff failed to specifically name these Defendants in his administrative appeal and did not describe their actions either in the May 23, 2018 CDCR 1824 Reasonable Accommodation Request or the August 8, 2018 Form 602, (Dkt. No. 25 at 10-11). See 15 Cal. Code Regs. § 3084.2(a)(3)[2]; Carter v.

---

[2] The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he

3

Paramo, 17cv1833-JAH-AGS, 2018 WL 4579854, at *7 (S.D. Cal. Sept. 25, 2018) (granting summary judgment as to those defendants not named in the grievances); Martinez v. Swift, No. C 13-3973 RS (PR), 2015 WL 1349525, at *2 (N.D. Cal. 2015) (granting summary judgment for non-exhaustion because the grievance "does not mention [defendant], or describe with any specificity his actions or words" and therefore did not comply with § 3084.2(a)(3)). On July 10, 2019, the Court confirmed its order on summary judgment after Plaintiff filed a late opposition. (Dkt. No. 33.) Defendant Uhde filed an answer on July 22, 2019. (Dkt. No. 34.) Pursuant to the Scheduling Order, Plaintiff filed a timely motion for leave to amend the complaint which is fully briefed. (Dkt. Nos. 35, 37, 39, 49.)

## Discussion

**A.  Legal Standard on Federal Rule of Civil Procedure 15**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).

Because Rule15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4)

---

or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

15 Cal. Code Regs. § 3084.2(a)(3). The specificity required by this provision to name all staff members went into effect in January 2011. See Rust v. Chino Prison Healthcare Providers, Case No. EDCV-17-556-JAK(KES), 2018 WL 3325725, at *6-7 (C.D. Cal. Apr. 9, 2018).

prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). "Futility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Here, Plaintiff seeks to amend the complaint to add D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen as defendants as Plaintiff has now exhausted administrative remedies. Defendant Uhde responds that any amendment to add these defendants would be futile as he cannot exhaust administrative remedies during the pendency of an action.

Prior to filing a complaint pursuant to 42 U.S.C. § 1983 challenging prison conditions, a prisoner must exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006). A prisoner must exhaust administrative remedies prior to filing suit and not during the pendency of a case. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (dismissal, not a stay, is required when a plaintiff does not exhaust prior to filing suit but is in the process of doing so during the suit); Cano v. Taylor, 739 F.3d 1214, 1219 (9 Cir. 2014) ("The Ninth Circuit has explained that Congress purposefully made exhaustion a precondition to suit, rather than to judgment, and that this was done with the goal of affording corrections officials the opportunity to address complaints internally."). Moreover, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (recognizing that the grievance procedures will differ from system to system and claim to claim but ultimately compliance with the prison's grievance procedures satisfies exhaustion). Exhaustion is an affirmative defense and "defendants have the burden of raising and proving the absence of exhaustion." Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

5

In its prior order, the Court granted summary judgment as to Defendants D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen because Plaintiff failed to name them and describe their actions in the administrative appeal as required by the regulations. (Dkt. No. 25 at 10 (citing 15 Cal. Code Regs. § 3084.2(a)(3)).)

After the summary judgment for failure to exhaust was filed by the defendants, on March 1, 2019, Plaintiff submitted a Form 602, Log No. RJD-X-19-02660, alleging claims of excessive force that allegedly occurred on May 7, 2018 and names all the defendants that were dismissed. (Dkt. No. 37 at 11.) On May 7, 2019, the appeal was cancelled pursuant to 15 Cal. Code Reg. § 3084.6(c)(4) for exceeding the time limits for submitting the appeal. (Id. at 13.)

In his motion, Plaintiff disputes the cancellation of his appeal as untimely arguing that the regulations and Department's Operations Manual ("DOM") provide that for staff complaints of misconduct, an investigation must be completed within one year; therefore, his appeal was improperly cancelled as untimely. Plaintiff challenges the cancellation of his May 1, 2019 Form 602 but does not address his failure to timely exhaust as to the dismissed defendants. An inmate must submit an appeal within 30 calendar days of the occurrence of the event or decision being appealed. 15 Cal. Code Regs. § 3084.8(b). Moreover, exhaustion must occur prior to the filing of an action. McKinney, 311 F.3d at 1200. Here, Plaintiff failed to timely submit an appeal against the dismissed defendants as to the May 7, 2018 incident within 30 days and his attempt to cure that deficiency during the pendency of this action is not proper.

Accordingly, the Court concludes that an amendment to add D. Paramo, Aguirre, A. Gonzalez, R. Cervantes, R. Herrera, and R. Jansen as defendants is futile. Thus, the Court DENIES Plaintiff's motion for leave to amend the complaint.

///
///
///
///

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion for leave to amend the complaint.

IT IS SO ORDERED.

Dated: September 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge