# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VASQUEZ,<br><br>                       Plaintiff,<br><br>v.<br><br>N. UHDE, Correctional Officer,<br><br>                       Defendant. | Case No.: 18cv2097-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR RECUSAL OF MAGISTRATE JUDGE**<br><br>**[ECF No. 52]** |

Plaintiff Henry Vasquez ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, moves the Court to reconsider its August 22, 2019 Order denying Plaintiff's motion for appointment of counsel. (ECF No. 52). Plaintiff also moves for the recusal of Magistrate Judge Mitchell D. Dembin. (*Id.*). For the reasons discussed herein, the Court **DENIES** Plaintiff's motion.

## I.    MOTION FOR RECONSIDERATION

A motion for reconsideration may be brought under Federal Rules of Evidence 59(e) or 60(b). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of

1

judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, the Order Plaintiff seeks reconsideration of was filed on August 22, 2019. (ECF No. 48). Accordingly, Plaintiff's motion is properly brought under Rule 60(b), as it was filed more than twenty-eight days ago.[1] *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Rule 60(b), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 60(b). Reconsideration under Rule 60(b) may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b).

In its Order, the Court noted that although Plaintiff's complaint survived initial screening and an early summary judgment motion, his "claims are not particularly complex" and he demonstrated neither exceptional circumstances nor a likelihood of success on the merits. (ECF No. 48). Plaintiff contends the Court erred in denying his motion for appointment of counsel for lack of exceptional circumstances and for failure to demonstrate a likelihood of success on the merits. (ECF No. 52). He maintains that courts may exercise their discretion to appoint counsel where a Plaintiff survives summary judgment and that the Court's scheduling order regulating discovery and pre-trial proceedings shows Plaintiff has demonstrated a likelihood of success on the merits. (*Id.* at 2, 4). Plaintiff further argues his

---

[1] Plaintiff signed the proof of service more than twenty-eight days after the Order was filed. (*See* ECF No. 52 at 33).

medical treatment makes it "impossible" to obtain the expert disclosures and that the Court should consider his limited legal knowledge and difficulty accessing the law library and research materials due to a physical disability. (*Id.* at 3, 5, 9).

District courts lack authority to require counsel to represent indigent prisoners in 42 U.S.C. § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts consider a plaintiff's likelihood of success on the merits as well as the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In light of Plaintiff's arguments, the Court focuses its analysis on exceptional circumstances and Plaintiff's likelihood of success on the merits.

As indicated previously, Plaintiff did survive an early motion for summary judgment for exhaustion of administrative remedies, but the Court's ruling did not demonstrate a likelihood of success on the merits regarding the claims against the sole remaining defendant. (*See* ECF No. 25). Rather, the Court's ruling demonstrates that Plaintiff exhausted available remedies, as required by 42 U.S.C. § 1997e(a), only as to one defendant and that his claims could only proceed against Defendant Uhde. (*See id.*). However, Plaintiff has not yet survived a motion for summary judgment on the substantive merits of his claims. (*See* ECF No. 35 at 2 (setting the deadline to file pretrial motions, such as a motion for summary judgment on the substantive merits, for March 6, 2020)). As such, Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel. *See Rios v. Paramo*, No. 14-cv-01073-WQH (DHB), 2016

U.S. Dist. LEXIS 106523, at *9 (S.D. Cal. Aug. 11, 2016); *Garcia v. Smith*, No. 10cv1187 AJB (RBB), 2012 U.S. Dist. LEXIS 89147, at *9-10 (S.D. Cal. June 27, 2012).

With respect to Plaintiff's inability to obtain expert disclosures due to his medical treatment, a *pro se* litigant's difficulty conducting discovery is insufficient to satisfy the exceptional circumstances standard. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Similarly, circumstances common to most prisoners, such as lack of legal education, limited law library access, mental illness and disability, or deficient general education, do not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (affirming denial of appointment of counsel where plaintiff lacked legal education and had limited law library access); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 U.S. Dist. LEXIS 56280, at *23 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances to warrant a request for voluntary assistance of counsel."); *Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 U.S. Dist. LEXIS 124606, at *11 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances . . . .").

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

## II. MOTION FOR RECUSAL

Plaintiff also "moves to disqualify Magistrate Judge . . . Mitchell D.

4

Dembin" pursuant to 28 U.S.C. § 144.  (ECF No. 52 at 1, 6).  Section 144 requires a party to show "personal bias or prejudice either against him or in favor of any adverse party[.]"  28 U.S.C. § 144.  "The standard for recusal is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source as a judge's previous adverse ruling alone is insufficient for recusal.  *See id.*  "A judge's previous adverse ruling alone is not sufficient bias."  *Id.*

Here, Plaintiff does not allege facts that would support the contention that the Undersigned exhibits bias or prejudice directed towards him or in favor of Defendant from an extrajudicial source.  Plaintiff's motion for recusal alleges bias and prejudice arising out of prior rulings denying appointment of counsel.  (ECF No. 52 at 13).  These are not proper grounds to disqualify a judge for bias and prejudice.  *See Mayes*, 729 F.2d at 607.  As a result, there is no reason why a reasonable person with knowledge of all the facts would question the Undersigned's impartiality in this case.  Therefore, the Court **DENIES** Plaintiff's motion for recusal.

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration and Plaintiff's motion for recusal.

**IT IS SO ORDERED**.

Dated:   October 8, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge